DEC 07 2011
FOR MAILING
INMATE'S INITIALS

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_Panama City_ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Bernard Clyde McGee

Inmate # 572787

(Enter full name of Plaintiff)

First Amended

vs.

Sgt. Samuel E. Mason, B.M.C.

_____,

_____,

_____,

_____.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

CASE NO: 5-11-CV-231-MP/GRJ
(To be assigned by Clerk)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

Filed1212'11UsDcFln1PM1200

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   Bernard Clyde McGee
Inmate Number:     572787
Prison or Jail:          Gulf Correctional Institution-Annex
Mailing address:    699 Ike Steele Rd.
                              Wewahitchka, Fla,
                              32465

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name:   Samuel E. Mason
    Official position:       Sargent
    Employed at:            Reception and Medical Center- West Unit
    Mailing address:       P.O. Box 628
                                     Lake Butler, FL, 32054

(2) Defendant's name: _____
    Official position:     _____
    Employed at:          _____
    Mailing address:     _____

(3) Defendant's name: _____
    Official position:     _____
    Employed at:          _____
    Mailing address:     _____

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )    No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): _____
   (b) Defendant(s): _____
2. Name of judge: _____   Case #: _____
3. County and judicial circuit: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(✓)    No( )

1. Parties to previous action:
   a. Plaintiff(s): _Bernard Clyde McGee_
   b. Defendant(s): _W. McNeil, Sloan, R.P. Tift, Bush_
2. District and judicial division: _U.S. Northern District of Florida-Panama City_
3. Name of judge: _Gary R. Jones_   Case #: _5-11-CV-80-SPM-GRJ_
4. Approximate filing date: _5-18-11_
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

3



7.    Facts and claims of case: <u>Violations of my 1st, 8th and 14th Amendment rights by Doc-see paragraphs 1-3, Section I this complaint.</u>

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )              No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): <u>Bernard C McGee</u>
   b. Defendant(s): <u>Walter E. McNeil</u>
2. District and judicial division: <u>U.S. District-Northern district, Tallahassee D.V.</u>
3. Name of judge: <u>Gary R. Jones</u>   Case #: <u>4:08-CV-411-RH-GRJ</u>
4. Approximate filing date: <u>9-11-08</u>
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: <u>Violations of 4th, 5th, 6th and 14th Amendment rights/Trail court error/ineffective appellate counsel/ineffective trial counsel.</u>

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )              No( ✓ )

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case Docket # _____
4. Approximate filing date: _____   Dismissal date: _____
5. Reason for dismissal: _____

6. Facts and claims of case: _____

_____

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1. On January 9, 2009, while incarcerated at Gulf C.I.-Main Unit, I was assaulted by several inmates. I suffered a serious ankle injury that required two titanium plates and 17 pins to repair.

2. In a seperate civil rights complaint (42 U.S.C. Section 1983) I assert DOC employees at Gulf Main Unit were directly responsible for instigating and encouraging the assault in retaliation for grievances I had filed (see section B of this form). Some of my grievances resulted in repremands for DOC employees.

3. Several weeks after the assault I was transferred to Gulf C.I.-Annex, but only after family complained to prison officials.

4. On or around October 4th, 2009, I was transferred to Reception and Medical Center-West Unit, a DOC medical camp.

5. While being processed at "Intake" I noticed an officer gesture furtively to another officer with his finger pointing at me.

5

The gesture seemed to be an esoteric signal between the officers singling me out.

6. On several occasions during the next two weeks I noticed other officers staring at me with unusual interest while speaking quietly to another officer.

7. On October 20, 2009, at approximately 11AM I was on the recreation yard when defendant Samuel E. Mason ordered all inmates to line up for return to the dorms. Without any provocation from me defendant Mason singled me out to stand by myself off to the side while the other inmates returned to their dorms. After all other inmates were gone Mason got in my face, yelling at me that he had heard I was responsible for having other D.O.C. employees repremanded at Gulf C.I.- Main Unit. He then grabbed my cain and threw it across the rec yard. After that defendant Mason grabbed my arms behind my back and pushed me down to the ground, handcuffing me once I was down. Although I was not resisting he proceeded to kick me numerous times in the face, body and legs. I was then taken to the O.I.C. office for the pretense of being interviewed regarding a D.R. for disrespect.

8. After the O.I.C interview I was taken to medical as part of the process for commitment to confinement. While at medical a Sgt. Larry Cannady, found a hand-made sewing needle in the hem of my pants while searching my clothes. In a D.R., written by Cannady he described the needle as a "... small metal object approximately 1 inch long and one end beaten flat (with) a hole. Cannady identified the needle in the same D.R., however, as a "homemade handcuff key."—

6

9. Later, I provided in a written statement that a review of the use-of-force video would support that the "homemade handcuff key" was actually a hand-made sewing needle. I repeated my claim at the D.R. hearing.

10. No further action was taken in regards to the D.R. for a home made handcuff key."

11. A D.R. for disrespect - the initial incident - was never written.

12. Although I was recommended for "CM-3" status at an ICT hearing held at RMC-West Unit, DOC in Tallahassee did not approve that.

13. Defendant, as an employee of DOC is charged with the care, custody and control of inmates. Defendant acts and omissions under color of law and authority amounted to violations of my 1st, 8th and 14th amendment constitutional rights. Defendant is sued individually and in his official capacity.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

1. Defendant Mason violated my 1st Amendment rights for address of my grievances; 8th Amendment right to be free of cruel and unusual punishment; and 14th Amendment right for due process with the information related in paragraph 7, section V of this complaint. His acts of singling me out on the rec yard, yelling in my face how my grievances caused other DOC employees to be repremanded, throwing my cane across the rec yard, forcing me to the ground although I was not resisting, and kicking me all over while handcuffed. (continue to pg. 8)

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

A preliminary and permanent injunction ordering the defendant and their agents to not retaliate against me; punitive damages in the amount of $250,000.00 and compensatory damages in the amount of $250,000.00; a jury trial; closer to home transfer and any other relief deemed appropriate by the court.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

12-7-11                                     Bernard C McYee
(Date)                                      (Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the __07__ day of __December__, 20__11__.

                                            Bernard C McYee
                                            (Signature of Plaintiff)

Revised 03/07

7

(<u>Statement of claims continued</u>)
laying on the ground, and false charges for disrespect towards staff were designed to interfere with and intimidate me from exercising these rights.

2. Defendant' acts were more than inadvertence, lack of due care, negligence or error, but rather, wanton and reckless disregard for my civil rights. His intent was deliberate and purposeful, serving as a vehicle for retaliation, intimidation and interference.

-8-

BERNARD C MCGEE 572787
GULF CORRECTIONAL INSTITUTION ANNEX
700 IKE STEELE RD
WEWAHITCHKA, FL 32465



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
401 S.E. 1ST AVENUE, SUITE 243
GAINESVILLE, FL 32601-6805