IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNARD CLYDE MCGEE,
    PLAINTIFF,

V.

SAMUEL E. MASON,
    DEFENDANT.

CASE No: 3:11-cv-1236-J-34JBT



LEGAL MAIL
PROVIDED TO
WAKULLA CI
AUG 06 2012
FOR MAILING BM

Plaintiff's Reply To Defendant Mason's Motion To Dismiss Plaintiff's Amended Complaint For Failure To Exhaust His Administrative Remedies

1. Plaintiff McGee pursuant to Rule 12 Federal Rules of Civil Procedure, submits his objections to Defendant Mason's "Motion To Dismiss Plaintiff's Amended Complaint based on Plaintiff having adequately exhausted his Administrative Remedies And Plaintiff further Raises the Defense of Administrative Remedies being unavailable.

LEGAL MAIL

2. On October 27, 2009, Plaintiff submitted a formal grievance to the Warden at Lake Butler Reception and Medical Center, and raised the issue that he had been targeted for reprisal and retaliated against by officers at Lake Butler Reception and Medical Center. Plaintiff alleged in the formal grievance that he was pushed down twice, punched in the face a few times, choked and then kicked in the face, and told that officers were fired from Plaintiff's prior camp because of Plaintiff.

3. Plaintiff further stated in the grievance that in the past five years his record would reflect that he had written grievances when he had problems, even when things did not go well for Plaintiff, and that since he felt he was receiving positive results from writing grievances, why would he change what was working.

4. Plaintiff further stated in the grievance appeal that if he wanted to be aggressive as alleged by the officers, why would he wait until he had been handcuffed behind his back, a five pound walking boot and 17 pins in his leg from a recent assault.

LEGAL MAIL

5. Plaintiff's appeal to the Warden only raised one issue and that was that DOC officers at the Reception and Medical Center had targeted Plaintiff for reprisal and that the officers retaliated against Plaintiff, by assaulting him. The mere fact that Plaintiff references other related documents does not raise or address more than one issue, Plaintiff is only attempting to get D.O.C. to use all of the available information in the assessment of Plaintiff's complaint. (Ex. B, p. 1).

6. On November 19, 2009, Plaintiff's grievance appeal was responded to by being returned without action for an alleged failure to comply with Rule 33-103.014(1)(a), that Plaintiff had to submit a seperate grievance for each disciplinary report he wished to appeal, and that he needed to correct the defects in his formal grievance and resubmit them within the appropriate time frame. (Ex. B, p. 2). The response failed to indicate what time frame Plaintiff was to follow in order to resubmit his grievance appeal, and that a copy of the grievance had been forwarded to the Inspector's office which is clear and convincing evidence that the appeal was being further processed.

3

LEGAL MAIL

7. Since, Plaintiff was not given a specific time frame in the November 19, 2009, Response in which to resubmit his alleged non-complying appeal. Plaintiff submitted his appeal to D.O.C of being the subject of Reprisal and Retaliation by Sgt. Mason on December 7, 2009. (Ex. B, p. 3).

8. On December 23, 2009, D.O.C. issued a Response which is clearly a false response. The D.O.C. Response states that Plaintiff was given 15 days in which to file again at his current location and that Plaintiff had exceeded that time frame. This is a knowing and intentional false statement given under oath by the Central office. (Ex. B, p. 4).

It is clear that (Ex. B, p. 2), does not mention anything pertaining to a 15 day time frame, and which was rendered on November 19, 2009.

9.  MEMORANDUM of LAW

I. Plaintiff's properly exhausted his administrative remedies with regard to the issues raised in his First Amended Complaint.

Defendant Mason's "Motion To Dismiss" must be denied because Plaintiff properly exhausted his administrative remedies.

4

LEGAL MAIL

The exhaustion requirement is necessary to allow completion of the grievance procedure, to assist with developing a record, to provide the agency an opportunity to use its expertise, to provide the agency an opportunity to correct errors, and to assure that inmates completely exercise the remedies provided to them before seeking federal relief. Alexander v. Hawk, 159 f.3d 1321, 1323 (11TH Cir. 1998); Miller v. Tanner, 196 f.3d 1190, 1193 (11TH Cir. 1999).

Contrary, to the defendant's assertion the Department's inmate grievance procedure does not always require the claimant to complete a three step process. The claimant may timely submit a formal grievance under a variety of circumstances directly to central office or to the designated staff member such as the warden. See Fla. Admin. Code R. 33-103.005 (2009).

Here, Plaintiff in seeking administrative review of the allegations that defendant Mason violated Plaintiff's First Amendment right to redress of grievance, Eigth Amendment right against cruel and unusual punishment and Fourteenth Amendment right to due process,

contained in his Amended Complaint, submitted numerous grievances and Appeals. (Ex. B). Plaintiff's grievance submitted on October 27, 2009, Appealed his Receipt of D.R. log # 208-090474, and that is Plaintiff's Argument. All three of the Alleged DR's Relate to only one issue and since only one DR (# 208-090474) was written the other alleged issues are moot.

  The November 19, 2009, Response clearly states that no DR's were written for log # 208-090471 and 208-090476, it would be absurd to require Plaintiff to appeal non-issues. (Ex. B, p. 2).

The Defendant's contention that Plaintiff was challenging three seperate Disciplinary Reports, when in fact there was never more than the one DR is knowing and intentional false testimony and argument.

  In the instant case, the Defendant's Motion to Dismiss must be denied since the Plaintiff received a favorable decision on his grievance response on November 19, 2009, when a copy of October 27, 2009, grievance and the response were forwarded to the Inspector's Office, meaning that the facility agreed to take Action, and that decision exhausted administrative Remedies under Prison Litigation Reform Act (PLRA), even if the promised action is not thereafter taken by the facility. Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(a). (Ex. B, p. 2).

Moreover, on December 23, 2009, Plaintiff received a favorable decision on his formal # 0910-209-123, when the Bureau of Inmate Grievance Appeals informed Plaintiff in its Response

LEGAL MAIL

that a copy of his grievance had been forwarded to the Inspector General's Office for review, meaning that the Bureau of Inmate Grievance Appeals agreed to take action, and that decision exhausted administrative remedies under the (PLRA), even if the promised action was not thereafter taken by the facility. Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(a). (Ex. B, p. 4)

Furthermore, on June 30, 2010, Plaintiff received a favorable decision on grievance log # 10-6-20300, when the warden informed Plaintiff in his response that Plaintiff's allegations of the use of excessive force was reported to the Office of the Inspector General in accordance with policy, meaning the facility agreed to take action, and that decision exhausted administrative remedies under Prison Litigation Reform Act, even if the promised action was not thereafter taken by the facility. (Ex. B, p. 7).

The Plaintiff raised a three-part legal claim within his amended complaint, that defendant's actions amounted to a deprivation of his constitutional rights against cruel and unusual punishment as provided by the Eigth Amendment, and that the Defendant's actions were more than inadvertence, lack of due care, negligence or error, but rather a wanton and reckless disregard for the Plaintiff's clearly and well established civil rights, while acting under the color of state law.

The PLRA's exhaustion requirement applies to all inmates suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).

7

LEGAL MAIL

Once Plaintiff had won all the relief that was available under the institution's administrative procedures, which was being told his grievance of use of excessive force was being forwarded to the Inspector General's Office for review, his administrative remedies were exhausted. Plaintiff was not required to file additional complaints or appeal favorable decisions in such case. When there is no possibility of any further relief, the Plaintiff's duty to exhaust available administrative remedies was complete. See McGrath v. Johnson, 67 F. Supp. 2d 499, 510 (E.D. Penn. 1999) (exhaustion complete when grievance was resolved in prisoner's favor and there was no basis for him to appeal); Clement v. Cal. Dept of Corr, 220 F. Supp. 2d 1098, 1106 (N.D. Cal. 2002) (plaintiff was not required to exhaust further administrative appeals when he "had received all the relief that the prison administrative appeals when he "had received all the relief that the prison administrative appeal system could provide"); Brady v. Atty Galla, 196 F. Supp. 2d 1016, 1021 (C.D. Cal. 2002) It would be a strange rule that an inmate who has received all he expects or reasonably can expect must nevertheless continue to appeal, even when there is nothing to appeal.")

Here, too, with monetary relief unavailable, there was simply no "remedy" that a higher appeal could provide after McGee received three written responses that stated his grievance was being forwarded to the Inspector's Office for further review, where one of the responses was from the Central Office itself, which is where the Inspector General's Office is located.

LEGAL MAIL

The Defendant raises the issue of failure to exhaust administrative remedies as a red-herring argument to merely mislead this court. The exhaustion requirement was satisfied when Plaintiff was informed on three seperate occassions, November 19, 2009, December 23, 2009 and June 30, 2010, by written responses that his grievance was being forwarded to the D.O.C's highest office of review.

This further review would fulfill the exhaustion requirement prongs of assisting to further develop the record, provide the DOC an opportunity to correct errors and the granted further review by the Inspector General's office assured that Plaintiff had completely exercised the remedies provide him under DOC's own policy.

Nothing in Chapter 33, the applicable prison regulation, requires Plaintiff to grieve a breakdown in grievance process. Nor does anything in Chapter 33 require McGee to seek leave to resubmit bogus appeals for non-existent disciplinary reports that DOC knew were never written to the same official who did not respond to the grievance when it was properly filed as a matter of right.

The PLRA requires that McGee exhaust his available administrative remedies. 42 U.S.C.A. § 1997e(a). It does not require McGee to craft new procedures when prison officials demonstrate--

9

LEGAL MAIL

and here McGee could use that word literaly-- that they will refuse to abide by the established ones. Doie v. Chandier, 438 F.3d 804, 811 (7th Cir. 2006) ("Prison authorities may not employ their own mistake to shield them from possible liability, relying upon the likelihood that prisoner will not know what to do when a timely appeal is never received!!").

A prisoner officials serious threats of substantial retaliation against plaintiff for lodging in good faith a grievance make the administrative remedy "unavailable," and thus lift the Prison Litigation Reform Act (PLRA) administrative exhaustion requirement as to the affected parts of the process if both of these conditions are met: (1) the threat actually did deter the inmate from lodging a grievance or pursuing a particular part of the process, and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust. Prison Litigation Reform Act of 1995, § 101, 42 U.S.C.A. § 1997e(a).

## II. Plaintiff's Official Capacity Claims as to Defendant Mason

Plaintiff stated in his amended complaint that he was suing Defendant Mason in his individual and official capacity. (Doc. 4, p. 7).

10

LEGAL MAIL

Plaintiff's official capacity claims for injunctive relief against Defendant Mason must be maintained. Plaintiff in his request for relief, requested a permanent injunction against Defendant Mason. Plaintiff requested the court to order Defendant Mason to not retaliate against Plaintiff. Kentucky v. Graham, 105 S. Ct. 3099 (2002).

Wherefore, based on the foregoing, Plaintiff McGee repectfully requests that the Defendant's "Motion to Dismiss" be denied and the case be progressed on the court docket for jury trial.

## Certificate of Service

I hereby certify that a true copy of the foregoing has been furnished by U.S. Mail to Eric M. Neiberger, Asst. Attorney General, The Capitol, PL-01, Tallahassee, Fl 32399-1050 on this __6__ August, 2012.

LEGAL MAIL