IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**BERNARD CLYDE MCGEE,**

        **Plaintiff,**

v.                                                               CASE NO. 3:11-cv-1236-J-34JBT

**SAMUEL E. MASON,**

        **Defendant.**

_____

## DEFENDANT MASON'S MOTION FOR RECONSIDERATION

Defendant Mason, by and through undersigned counsel, and pursuant to this Court's inherent authority to reconsider its interlocutory orders,[1] moves for reconsideration of the this Court's order denying Defendant Mason's motion to dismiss. (Docs. 18 and 23) As grounds Defendant states:

    1.    Plaintiff is a state prisoner incarcerated in the Florida Department of Corrections, and has filed a § 1983 civil rights lawsuit against Defendant Mason in his individual and official capacity. Prior to filing this lawsuit, Plaintiff failed to adequately exhaust his administrative remedies.

    2.    Pursuant to 42 U.S.C. 1997e, "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted "all administrative remedies as are available." This

---

[1] "[W]hether the case *sub judice* be civil or criminal[,] so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so. United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973). See also Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981) (citing favorably to proposition expounded in United States v. Jerry, but in an opinion rendered on October 15, 1981). But see Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

requirement is mandatory.  <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1323 (11th Cir.1998); <u>Harper v. Jenkin</u>, 179 F.3d 1311 (11th Cir.1999).  Because Congress has specifically mandated exhaustion as a "pre-condition to suit," the courts may not waive this requirement.  <u>Alexander</u>, 159 F.3d at 1326.

    3.    Accordingly, on June 1, 2012, Defendant Mason moved to dismiss this proceeding, based upon Plaintiff's failure to properly exhaust his administrative remedies.  (Doc. 18)  As is more fully stated in the motion to dismiss, Plaintiff clearly failed to exhaust his administrative remedies, as every grievance was returned without action.  (<u>Id.</u>)  Defendant Mason also attached all of Plaintiff's grievances, and collected a declaration from an employee at the Department's Central Office that incorporated all of the grievances Plaintiff submitted to the Central Office during the appropriate time frame.  (<u>Id.</u>)

    4.    Plaintiff had the opportunity to respond to Defendant's Motion to Dismiss, and on August 6, 2012, Plaintiff served such a response.  (Doc. 22)  Plaintiff did not attach any grievances indicating that he exhausted his administrative remedies to his response.  (<u>Id.</u>)  Rather, Plaintiff's eleven (11) page response merely concluded that Plaintiff exhausted his administrative remedies.  (<u>Id.</u>)  Plaintiff's assertion that he somehow "won all of the relief that was available to him under the institution's administrative procedures," is plain wrong, considering that Plaintiff's grievances were all returned without action. (Doc. 22, p. 8)  Further, Plaintiff's argument that his administrative remedies were not available to him is flagrantly rebutted by Plaintiff's transfer history.  (Doc. 22, ps. 9-10)

    5.    On September 12, 2012, this Court denied Defendant Mason's motion to dismiss.  (Doc. 23)  This Court's order was one page in length, contained a single sentence, and did not analyze Defendant Mason's exhaustion defense.

6. Plaintiff is suing Defendant Mason in his individual capacity for the alleged violation of Plaintiff's civil rights. Merely because Defendant Mason works for the Department of Corrections, and Plaintiff is an incarcerated inmate, is no reason to force Defendant Mason through litigation when Plaintiff has clearly and obviously failed to properly exhaust his administrative remedies before filing his claim.

7. Plaintiff either exhausted his administrative remedies or he did not. Upon all relevant information being made available to this Court, whether or not Plaintiff properly exhausted his administrative remedies is an issue capable of judicial determination. At the very least, so long as Defendant Mason is to be subjected to individual liability, Defendant Mason should be given a reason for why he is to be dragged through discovery and a trial.

Wherefore, Defendant Mason moves this Court to reconsider its order denying Defendants' motion to dismiss, and at the very least, provide a rationale for denying Defendant Mason's motion to dismiss.

Respectfully Submitted,

**PAMELA JO BONDI**
ATTORNEY GENERAL

/s/ Eric M. Neiberger
Eric M. Neiberger
Assistant Attorney General
Florida Bar No.: 0070100
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
eric.neiberger@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to: Bernard McGee, DOC# 572787, Wakulla Correctional Institution - Annex 110 Melaleuca Drive, Crawfordville, Florida 32327, on this 18th day of September, 2012.

/s/ Eric M. Neiberger
Eric M. Neiberger
Assistant Attorney General