IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE
DIVISION

Bernard Clyde McGee,
   Plaintiff Pro se,

V.

Samuel E. Mason
   Defendant

CASE NO.: 3:11-cv-1236-J-34-JBT

2014 APR 10 PM 1:47

## Plaintiff's Objection, Response and Memorandum of Law To Defendant Mason's Motion For Summary Judgement.

The Plaintiff, Bernard Clyde McGee, files the following Objection, And response w/memorandum of Law filed On March 19, 2014.

### The Legal Standard

Summary Judgement under Rule 56(C)(2), OF the Federal Rules of Civil Procedure requires the Defendant to have to Prove to the Judge there is No Material fact, that there also is No Genuine issue As to Any material fact, and Prison officials Are entitled to Judgement As a matter of Law.

When the Court considers a motion For Summary Judgement the Court should view the Evidence submitted by both sides "in Light most Favorable to the Party opposing the Motion." Adickes V. S.H. Kress, & Co., 398 U.S. 144, 157, 160 (1970), See also > Curry V. Scott, 249 F.3d 493, 505 (6th Cir. 2001). The Party Moving for Summary Judgement bears the Burden of demostrating an Absence of Evidence to Support the non-moving Party's CASE.

Plaintiff Submits that there are genuine issues of Material Facts and Law to be decided by the Court. And that the case Controversy meets All of The requirements of Rule 56(c) of the Federal Rules of Civil Procedure where Plaintiff has demostrated

(1.) That On January 9, 2009, while incarcerated at Gulf Correctional Institution's Main Unit, he was Assaulted by Several inmates Causing Serious Permanent or Continuing Injury to his Ankle that required two-titanium Plates And Seventeen steel Pins to Be Placed inside of his Ankle resulting in Permanent Disability.

(1)

(2). As a result Plaintiff filed inmate grievances to Address the matter And later filed A 42 USC. 1983 Separate Civil rights Complaint Asserting that Department of Corrections At Gulf Correctional Main Unit Are directly responsible For instigating And Encourging the Assault. In retaliation, Plaintiff was targeted For reprisal And cited with Two (2) Disciplinary Reports Log # 208-090471 and #208-090474, Disciplinary report #208-090471, charged Possession of Escape ParaPhinilia: Battery As to Disciplinary report LOG# 208-090474, written by Defendant Samuel E. MASON IN Order to Conceal the fact that on October 20, 2009 that he Assaulted And Attacked the Plaintiff On the recreation yard under the color of Escorting Plaintiff To The officer In charge's OFFICE.(hereafter The [OIC'S OFFICE]. It Should be Noted that Battery or Attempted Battery is a major Disciplinary report within The Department OF Corrections And one For which Any GAIN time taken/Forfeited cannot Be restored. The Disciplinary Forfieted No Gaintime, Placed Plaintiff In Disciplinary Confinement for (60) Days.

(3). Plaintiff was transferred to Reception And Medical Center-West Unit At Lake Butler-Annex After Plaintiff's Family Continously Complained to Central Office About Plaintiff being placed back at Gulf C.I. main were the assault took place. On or About October 4, 2009. Upon Plaintiffs Arrival At "Intake" Plaintiff Noticed that there were two Correctional Officers Staring And Pointing figuretively At Plaintiff while speaking quietly to The other officers.

(4). On October 20, 2009, At Approximately 11:00 A.m. Plaintiff was on The recreation yard When Defendant Samuel E. MASON, ordered all inmates to line up to return to their Assigned Dorms without Any Provocation from the Plaintiff. Defendant Mason singled Plaintiff Out to the side while the other inmates returned to their Dorms, Approached me By getting into Plaintiff's face, yelling" I have heard That you Are responsible for having Doc Employees Reprimanded at Gulf C.I!! Defendant then grabbed Plaintiff's Walking Cane and threw it across the recreation yard. Proceeded to throw Plaintiff down to the Ground, Hand-cuffing Plaintiff Roughly behind back. After Plaintiff was down and non-Resisting Proceeded to Punch and Kick Plaintiff Numerous times IN the face, Body and Leg(s) area. Plaintiff was then taken to Medical And ~~~~ To Administrative Confinement Pending the Disciplinary report for Assault or Attempt Against Defendant Mason.

(4) While At Medical Defendant Larry D. Cannady is Alleged To have found A hand-made sewing Needle in the hem of Plantiffs Pants while Searching.... Defendant Cannady Described this as a small metal object Approximately (1) inch Long, And beaten flat with a hole in the Other End, However, wrote it off As A Handcuff Key. No Action was taken on the Disciplinary Report for the Alleged Escape Paraphinillia being the use of force camera verifys The object as being a Sewing needle.

Plaintiff Asks this Court to take Note of the Fact that it is A continuing Practice to Thuart Civil Rights Lawsuits filed by Inmates in Federal Court For the violation of their civil Rights is To Counter-write Falsified Disciplinary reports to cover their willful and intentional Civil Rights Violations under color of Law.

The Defendant Mason By and Through his State representative the Attorney General's Office To Relitigate the same issue it used in it's Motion to Dismiss on June 1, 2012 [Doc. 18], the Court dismissed the Claims Against Against Defendant Mason in his official Capacity. Now Comes Back before the bar of This Court Requesting that the Civil Rights Complaint Be Dismissed Pursuant to Rule 56 of The Federal Rules of Civil Procedure. Basically, In an Attempt to Relitigate Previously Decided issues. By this Court under a New "Jacket/cover" And Rule. All The specific facts show material issues in dispute.

(5) The Defendant Samuel E. Mason has tried to Move for Summary Judgement Before Plaintiff has had the opportunity to get the discovery materials that Plaintiff Needs to Prove His Case By A Preponderance of The evidence such as The Disciplinary Records of Defendant Sgt. Samuel E. Mason, And Sgt. Christopher Morton, Sgt. Larry Cannady, Sgt. Sharyl Pearson And Jeremy Nogel, officer. That will Attest to the Fact as to whether The Testimony of these witnesses Attempted to be used in this Lawsuit for the Defense are credible and if they have been involved on Any other inmate Abuse Lawsuits which would give rise to the Violations of Inmates Constitutional Rights And would tend to Support A Genuine Factual material issues in...

(3)

Dispute. The Plaintiff has Already invoked his 7th Amendment A trial By Jury on all issues of Fact And Law.

Under Rule 56(f) of The Federal Rules of Civil Procedure This Court Can deny Prison officials Motion For Summary Judgement Because of The inavailibilty To Discovery Materials. That Could Reasonably show Deliberate Indifference to the Plaintiff's Constitutional Rights. Farmer v. Brennan, 511 U.S. 825, 835 (1994) Halling v. McKinney, 509 U.S. 33 [1993].

(6) Neither Sargents or officer were present when incident transpired to witness Assault but came along with use of force camera as Sgt. Larry Cannady stated in his sworn testimony which camera will also verify.

For These Reasons Plaintiff Requests that this Court Deny Defendant Samuel E. Mason's Motion For Summary Judgement.

Respectfully Submitted
/s/ Bernard Clyde McGee
Bernard Clyde McGee, Plaintiff Pro se
DC# 572787
Wakulla Correctional Institution
110-Melaleuca Drive
Crawfordville, Florida

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have Furnished A True Copy of The Foregoing has been furnished By U.S. Mail To:

ERIC. M. NEILBERGER
Assistant Attorney Gen.
PL-101-The Capitol
Tallahassee, Florida
32399-1050

Via U.S. Mail this ___ Day of April 2014

/s/ Bernard Clyde McGee
Bernard Clyde McGee - Plaintiff - Pro se.